DAVID B. BARLOW, United States Attorney (#13117)
ALICIA H. COOK, Assistant United States Attorney (#8851)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Email: alicia.cook@usdoj.gov
Telephone: (801) 524-5682 • Facsimile: (801) 325-3387

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

JUL 16 2013

D. MARK JONES, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No: 2:13-CR-00319 DN |
| Plaintiff, | : | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY |
| vs. | : | |
| JARIN CRUZ-ROSALES; aka JARIN ORLANDO CRUZ-ROSALES; aka JARIN CRUZ, | : | JUDGE DAVID NUFFER |
| Defendant. | | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights and that I have had the assistance of counsel in reviewing, explaining and completing this form:

1.  The nature of the charges against me have been explained. I have had an opportunity to discuss the nature of the charges with my attorney, and I understand the charges and the elements that the government is required to prove.

2(a). I know that the maximum possible penalty provided by law for Count I of the Information, a violation of 8 U.S.C. § 1326 (Reentry of a Previously Removed Alien) is a term of imprisonment of up to 20 years or a term of probation of up to 60 months, a fine of $250,000, and, if a term of imprisonment is imposed, a term of supervised release of up to 36 months. I understand that if the supervised release term or the probation term

is violated, I can be returned to prison for the length of time provided in Title 18, United States Code, Section 3583(e)(3). Additionally, I know the court is required to impose an assessment in the amount of $100.00 for each offense of conviction.

2(b). If I am not a U.S. citizen, I understand that my guilty plea may carry a risk of adverse immigration consequences and have fully discussed those consequences with my lawyer.

3. I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these facts with my attorney. I further know that the final calculations by the Court for sentencing purposes may differ from any calculation the United States, my attorney, or I have made, and I will not be able to withdraw my plea in spite of that fact.

4. I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5. I know that I have a right to plead "Not Guilty," and I know that if I do plead "Not Guilty," I can persist in that plea.

6. I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

> (a) I have a right to the assistance of counsel at every stage of the proceeding.
>
> (b) I have a right to see and observe the witnesses who testify against me.
>
> (c) My attorney can cross-examine all witnesses who testify against me.
>
> (d) I can call the witnesses I want to call, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.
>
> (e) I cannot be forced to incriminate myself and I do not have to testify at any trial.

(f) If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

(g) The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

(h) It requires a unanimous verdict of a jury to convict me.

(i) If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7. Under a plea of guilty, there will not be a trial of any kind.

8. I know there is no appellate review of any lawful sentence imposed under a plea of guilty. I also know that ordinarily I may appeal the sentence imposed upon me in this case only if the sentence is imposed in violation of law or, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

9. I also know that the United States may appeal the sentence imposed upon me in this case only if the sentence is (i) imposed in violation of law, or (ii) if, in light of the factors listed in 18 U.S.C. § 3553(a), the sentence is unreasonable.

10. I know that under a plea of guilty, the judge may ask me questions under oath about the offense to which the plea is entered. The questions, if asked on the record and in the presence of counsel, must be answered by me and if I give false answers, I can be prosecuted for perjury.

11. I stipulate and agree that the attached Statement of Elements and Facts accurately describes my conduct. It provides a basis for the Court to accept my guilty plea and for calculating the sentence in my case.

12. The only terms and conditions pertaining to this plea agreement between me and the government are as follows:

(a) The defendant agrees:

(1) to plead guilty to Count 1 of the Information;

3

(2)     (a) Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, except I do not waive my right to appeal a sentence (1) above the maximum penalty provided in the statutes of conviction as set forth in paragraph 2 above; (2) an upward departure above the high end of the Guideline range for incarceration determined by the Court to apply to me and the facts of my case; or (3) if the Court fails to apply the two or four level "fast track" reduction recommended by the government; and

(b) I also knowingly, voluntarily and expressly waive my right to challenge my sentence, and the manner in which the sentence is determined, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under Title 28, United States Code, Section 2255, except on the basis of ineffective assistance of counsel.

(c) I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to Title 18, United States Code, Section 3742(b). However, I understand that the United States agrees that if it appeals my sentence, I am released from my waiver.

(d) I further understand and agree that the word "sentence" appearing throughout this paragraph is being used broadly, and applies to all aspects of the Court's sentencing authority, including, but not limited to, (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

(3)     to not file any motion for a "departure" or "variance" from the applicable guideline range; and

4

        (4)      to the reinstatement of my previous removal Order entered on or about June 13, 2007, and certify that I do not have a fear of returning to the country designated in that Order. I agree not to contest, either directly or by collateral attack, the reinstatement of such removal Order.

(b)      The United States agrees:

        (1)      to recommend that I receive the appropriate reduction for acceptance of responsibility as provided by U.S.S.G. § 3E1.1 if I have clearly demonstrated acceptance of responsibility for my offense up to and including the time of sentencing. I understand that I will not be permitted to withdraw my guilty plea if the government declines to recommend a reduction for acceptance of responsibility; and

        (2)      to recommend an additional reduction in the total offense level in accordance with the Department of Justice's fast track program for illegal reentry cases, consisting of:

                (a)      A departure of two levels for any defendant who qualifies for a criminal history category VI, or who has a conviction for a serious violent felony; or

                (b)      A departure of four levels for all other defendants.

(c)      The parties jointly agree and recommend that:

        (1)      the Court order, as a special condition of supervised release or probation, that I not illegally reenter the United States.

13.     I understand that if I knowingly violate any local, state or federal law between now and the time of my sentencing, such offense may constitute a violation of this plea agreement. I also understand that the Court will decide whether a violation of the plea agreement has occurred. If the Court finds that I have breached this agreement by violating any law, I understand that the Court may relieve the government of all obligations and commitments in this plea agreement while leaving intact my plea of "Guilty."

14.     I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the judge. I further understand that the Court is not obligated in any way to follow the

recommendation of the government concerning sentencing matters. If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of guilty.

15. I understand that the Court can and will consider all available information in determining my sentence. I also understand that if I am sentenced to prison, such information may be considered by prison officials in making decisions concerning my incarceration.

16. I know I have a right to ask the Court any questions I wish to ask concerning my rights, or about these proceedings and the plea.

\* \* \* \*

I make the following representations to the Court:

1. I am __20__ years of age. My education consists of __5th grade__. I __cannot__ read and
(can - cannot)
understand English. (If I cannot read or understand English, I have had the assistance of a certified Court interpreter to assist me with this document and my Change of Plea hearing).

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation or any other form of leniency because of my plea.

4. I have discussed this case and this plea with my lawyer as much as I wish to.

5. I am satisfied with my lawyer.

6. My decision to enter this plea was made after full and careful thought, with the advice of counsel, and with a full understanding of my rights, the facts and circumstances of the case, and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when the decision to enter the plea was made and I am not now under the influence of any drugs, medication, or intoxicants.

7. I have no mental reservations concerning the plea.

6

8. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I wish to make no changes because all of the statements are correct.

DATED this 16th day of July, 2013.

X *Jarin Cruz*
Jarin Cruz-Rosales; aka Jarin Orlando Cruz-Rosales; aka Jarin Cruz
Defendant

I certify that I have discussed this Statement with the defendant, explained all the legal rights articulated herein, and I have assisted the defendant in completing this form. I believe that this plea is knowingly and voluntarily being entered with full knowledge of the defendant's legal rights and that there is a factual basis for the plea.

DATED this 16th day of July, 2013.

*Jamie Zenger*
Jamie Zenger
Attorney for Defendant

This statement sets forth the entire agreement entered into by the United States.

DATED this 16th day of July, 2013.

*Alicia H. Cook*
Alicia H. Cook
Assistant United States Attorney

7

## STATEMENT OF ELEMENTS AND FACTS

### Elements

I understand that in order for me to be found guilty of the charge set forth in the Information, the government must prove each of the following elements beyond a reasonable doubt:

1. That I am not a citizen of the United States;

2. That I have previously been removed from the United States;

3. That after my removal, I knowingly reentered and was found in the United States; and

4. That I did not obtain the express permission of the Secretary of the Department of Homeland Security to reenter the United States.

### Facts

I stipulate to the following facts:

1. I am not a citizen or national of the United States. I am a native of Honduras.

2. I was removed from the United States on or about June 13, 2007.

3. After my removal, I knowingly reentered the United States and on February 4, 2013, I was knowingly present and was found in Salt Lake County, Utah.

4. I reentered the United States without the consent of the Secretary of the Department of Homeland Security.

//

//

8

5. My previous convictions include, but may not be limited to, the following:

On March 16, 2005, convicted in the Superior Court of California, County of San Francisco, State of California, for the offense of Poss/Purchase for Sale Narc/Cntl Sub in violation of California Health & Safety Code 11351, a Felony, for which he was sentenced to 50 days in jail. Case No. 02192575.

DATED this 16th day of July, 2013.

*Jarin Cruz*
Jarin Cruz-Rosales; aka Jarin Orlando Cruz-Rosales; aka Jarin Cruz
Defendant

APPROVED:

*Jamie Zenger*
Jamie Zenger
Attorney for Defendant

*Alicia H. Cook*
Alicia H. Cook
Assistant United States Attorney

9